IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STAFFORD M. COX, #41374-083  *<br>Petitioner,<br>v.                             *    CIVIL ACTION NO. WDQ-05-1458<br>STEPHEN DEWELT, WARDEN        *<br>Respondent.<br>                               *** | |

## MEMORANDUM

The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621(b) to require the U.S. Bureau of Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." It added a section providing for incentives for prisoners to participate in such a Residential Drug Abuse Program ("RDAP"), including the possibility of an early release. Subsection 3621(e)(2)(B) provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found under 18 U.S.C. § 924(c)(3).[1] Subsection 3621(e)(2)(B) was codified under 28 C.F.R.§ 550.58. Section 550.58 specifies three prerequisites for early release eligibility: the inmate

---

[1] 18 U.S.C. § 924(c)(3) defines "crime of violence" as: [a]n offense that is a felony and--

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

must have been sentenced to a term of imprisonment for a nonviolent offense; have a substance abuse problem; and successfully complete a residential drug abuse treatment program while incarcerated. Revisions to the regulation omit any reference to § 924(c)(3). The regulation does not attempt to define a nonviolent offense within the meaning of § 3621(e)(2)(B). Instead, the revised regulation categorically excludes certain inmates from early release. Section 550.58 states that:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> > (i) INS detainees;
> > (ii) Pretrial inmates;
> > (iii) Contractual boarders (for example, D.C., State, or military inmates);
> > (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
> > (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
> > (vi) Inmates whose current offense is a felony:
> > > (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
> > > (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
> > > (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
> > > (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

The BOP also adopted a program statement to supplement 28 C.F.R. § 550.58. Program Statement, 5162.04, entitled Categorization of Offenses, was promulgated to further assist BOP

2

agents and employees in interpreting the revised regulation. The new program statement, which supersedes earlier program statements, enumerates various federal offenses which the Director of the BOP has determined to be crimes of violence (Section 6), and identifies other offenses which the Director has determined may not necessarily be crimes of violence, but which nonetheless render those prisoners ineligible for certain BOP program benefits, including early release under 18 U.S.C. § 3621(e).

Section 7 of P.S. 5162.04 states that as an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits.  Subsection (b) of P.S. 5162.04 provides in relevant part:

> At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics." This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

Petitioner, a federal prisoner housed at FCI-Cumberland, filed this Petition for writ of habeas corpus under 28 U.S.C. § 2241 on May 24, 2005, alleging that Respondent wrongfully denied him eligibility for a reduction in his period of incarceration under 18 U.S.C. § 3621(e)(2)(B), a decision based on the application of Section 7 of P.S. 5162.04.  Petitioner asserts that he was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), and that he received a two-level enhancement under U.S.S.G. § 3C1.2.  He argues that he is now enrolled in the RDAP program and that he has been denied the sentence reduction for completion of the program due to the § 3C1.2 enhancement.

Petitioner claims that the BOP's interpretation of § 3621(e)(2)(B) is in conflict with the plain and clear language of the statute, in that the BOP has: (i) substituted its own definition of a "crime of violence" with regard to the "nonviolent offense" language in the statute; and (ii) broadened the meaning of the "offense" language in the statute.[2]   He asks this Court to grant his Petition and eligibility of a time reduction of up to one year upon his completion of the RDAP.

Upon review of the Petition, Respondent's Show Cause Response, Petitioner's Motion to Amend, and Respondent's Reply, the Court shall deny the Petition without hearing.  There is no dispute that Petitioner began to participate in an RDAP on February 22, 2005.  Respondent asserts that Petitioner's eligibility for early release is governed by 28 C.F.R. § 550.58, 18 U.S.C. § 3621(e)(2)(B), and BOP Program Statement 5162.04.  Warden Dewalt[3] alleges that although Petitioner is participating in the RDAP, he is ineligible for a reduction in his period of incarceration under 18 U.S.C. § 3621(e)(2)(B) because he received a two-level specific offense of characteristic enhancement based upon "the substantial risk of death and serious bodily injury to another during the commission of his underlying offense."  Paper No. 6, Ex. 1, Gottlieb Decl.

In *Lopez v. Davis*, 531 U.S. 230, 231 (2001),  the United States Supreme Court upheld 28 C.F.R. § 550.58 as a permissible exercise of the discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B).  Lopez was convicted of a drug-related offense.  His sentence was enhanced two levels upon a finding that he possessed a firearm in connection with the offense.  The BOP found him qualified for participation in the RDAP, but denied him eligibility for sentence

---

[2]  Petitioner claims that he is being denied a sentence reduction based upon the sentencing court's enhancement of his term.  He argues, however, that the operative statutory words of "convicted" and "offense" govern eligibility and that the application of a § 3C1.2 enhancement is not an element of the offense of conviction, but is an element of the sentence.

[3]  The Clerk shall amend the docket to reflect the correct spelling of the name of Respondent.

reduction under § 550.58. In affirming the lower court ruling, the Supreme Court held that the BOP may exercise its discretion to look to sentencing factors in deciding which individuals, who are statutorily eligible for RDAP are appropriate candidates for early release. *See Lopez*, 531 U.S. at 238.

The factual circumstances regarding Petitioners case are substantially similar to that of Lopez. Petitioner was also convicted of a drug offense and his sentence was likewise enhanced two levels upon a finding that he had caused a substantial risk of death and serious bodily injury while attempting to elude law enforcement officers. He was allowed to participate in the RDAP, but found ineligible for sentence reduction under the regulation.

In light of *Lopez*, the Court finds no constitutional or statutory violation committed by the BOP in its promulgation of 28 C.F.R. § 550.58. Plainly, under existing caselaw the regulation represents a permissible exercise of the BOP's discretion and an acceptable interpretation of 18 U.S.C. § 3621(e)(2)(B). Further, the final determination as to Petitioner's ineligibility for sentence reduction was not unreasonable given the uncontroverted factual background of his federal conviction and offense characteristic enhancement.[4] For these reasons, the Petition shall be denied by separate Order.

---

[4] In his "Motion to Amend" Petitioner raises an eleventh hour due process claim, arguing that the BOP is using facts surrounding an acquitted offense as the basis for its finding of ineligibility. The Court finds such a claim and argument unavailing. According to the criminal docket of *United States v. Cox*, Criminal No. CMH-95-0143 (E.D. Va. 1995), Petitioner entered a plea to 4 counts of crack cocaine distribution. Counts involving attempted distribution and a firearm offense were dismissed. In addition, a count involving an assault on federal officers was dismissed. Nonetheless, it is not disputed that Petitioner's sentences were enhanced two points for "Reckless Endangerment During Flight" under U.S.S.G. § 3C1.2, because Petitioner fled a gas station. The application of these facts to the discretionary finding of ineligibility was not unreasonable.

Date: November 22, 2005 _____/s/_____
William D. Quarles, Jr.
United States District Judge